# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. MORRIS, | |
| Plaintiff, | NO. 3:10-CV-1709 |
| v. | (JUDGE CAPUTO) |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF TRANSPORTATION AND AGENTS, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Motion for Reconsideration of Plaintiff Michael C. Morris. (Doc. 7.) On August 17, 2010, this Court dismissed Plaintiff's Complaint for lack of subject matter jurisdiction because Plaintiff failed to allege any basis to invoke this Court's limited jurisdiction. In the instant motion, Plaintiff states "[t]hat the Federal jurisdiction in this case falls under the Fourteenth Amendment of the Constitution" and that "it is clear that the Commonwealth intentionally deprived Plaintiff/Petitioner of liberty without due process and intentionally deprived Plaintiff/Petitioner equal protection under the law." (Doc. 7 at ¶¶ 4-5.)

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not

available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Federal Rule of Civil Procedure 8(a)(1) states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Federal courts are courts of limited jurisdiction; "when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir.1977)).

Construing Plaintiff's *pro se* motion liberally, as we must, *see Haines v. Kerner*, 404

U.S. 519, 520-21 (1972), Plaintiff may have stated 42 U.S.C. § 1331 as his basis for jurisdiction. However, as noted above, motions for reconsideration are not properly used as a forum to raise new arguments that could have been previously raised or argue facts that were available to Plaintiff at the time of his original pleading. Nowhere on Plaintiff's Complaint is there any mention of jurisdictional basis for this Court to hear the case. As such, the motion for reconsideration will be denied.

Nonetheless, even if Plaintiff's Complaint had properly pled a basis for this Court's jurisdiction, "[u]nder *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). The thrust of Plaintiff's case appears to be that the Pennsylvania Department of Transportation ("PENN DOT") has not yet reinstated Plaintiff's drivers license, despite Plaintiff's allegations that he has already served the necessary suspension. The Plaintiff seems to still be fighting PENN DOT in state court in an apparent attempt to have his license reinstated. Because there is an ongoing state court proceeding, this Court would have to abstain for exercising jurisdiction and this case would not be properly before this Court in any event.

**NOW**, this  2nd  day of September, 2010, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 7) is **DENIED**.  The Clerk of the Court shall mark this case **CLOSED.**

     /s/ A. Richard Caputo  
     A. Richard Caputo  
     United States District Judge

3